UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTONIA DENISE HICKS,            )
                                 )
            Petitioner,          )   CASE NO.  C05-1629-JCC
                                 )
        v.                       )   ORDER GRANTING
                                 )   EXTENSION OF TIME
UNITED STATES OF AMERICA,        )
                                 )
            Respondent.          )
_____)

Now before the Court is Petitioner's motion pursuant to Federal Rule of Civil Procedure 6(b) seeking enlargement of time, based on excusable neglect, to file a reply to the Government's answer to her § 2255 motion.  Petitioner requests an extension of twenty-one (21) days from the date of this Order to file her Reply.  No opposition to Petitioner's motion for enlargement of time has been filed by the Government.  Having reviewed Petitioner's motion and the balance of the record, the Court hereby finds and ORDERS:

(1)    Under Rule 6(b), a court may afford a party relief from the effects of a missed deadline upon a proper showing of "excusable neglect."  A district court must consider all the circumstances in deciding whether to excuse a party's neglect, notably, "the danger of prejudice

ORDER GRANTING
EXTENSION OF TIME
Page - 1

to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S Ct. 1489, 123 L.Ed.2d 74 (1993).

There is no evidence in the present case of prejudice to Respondent or bad faith, as the certificate of service attached to Petitioner's motion reflects that only four (4) days after the initial deadline for filing her reply, she served a copy of the motion on Respondent's counsel by placing it in the legal mailbox inside the United States Prison Camp in Bryan, Texas, where she is incarcerated. Dkt. # 11 at 4. Additionally, it does not appear that the length of the delay would have a significant impact on the judicial proceedings. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (court held that a failure to even contact the court for 24 days did not constitute a significant delay); *see also Walter v. Blue Cross & Blue Shield United*, 181 F.3d 1198, 1202 (11th Cir. 1999) (finding that a one month delay would not have had an adverse impact on the district court or its resources). Here, Petitioner filed the motion for extension of time in this court only one month after the initial deadline for her reply. Furthermore, Petitioner's reasons for her delay in filing a reply -- conflict between her prison work assignment and the hours of operation of the prison legal library, and a 45-60 day delay in availability of more current case authority in the prison legal library -- reflect circumstances not reasonably within her control and adequately support a finding of excusable neglect.

(2) Accordingly, Petitioner's Motion for Enlargement of Time to File a Reply (Dkt. #11) is GRANTED. Petitioner shall have twenty-one (21) days from the date of this Order to file and serve a Reply to the Government's Answer to her § 2255 motion.

//

(3)     The Clerk shall re-note petitioner's § 2255 motion for February 3, 2006.

DATED this 5th day of January, 2006.

_____
MONICA J. BENTON
United States Magistrate Judge

ORDER GRANTING
EXTENSION OF TIME
Page - 3