UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTONIA DENISE HICKS,

    Plaintiff,

  v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C05-1629 JCC

ORDER

This matter comes before the Court on Petitioner Antonia Denise Hicks's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (Cv. Dkt. No. 1[1]), the Report and Recommendation ("R&R") of the Honorable Monica J. Benton, United States Magistrate Judge (Cv. Dkt. No. 16), and Petitioner's Objections to the R&R (Cv. Dkt. No. 17). The Court, having reviewed these documents and the remaining record, finds that oral argument is not necessary and hereby ADOPTS the R&R, VACATING Petitioner's sentence for resentencing.

---

[1]The following analysis contains citations to both Petitioner's criminal case and her § 2255 petition. As a result, all citations beginning with "Cr." refer to documents from Petitioner's criminal case (Case No. CR02-375C); all citations beginning with "Cv." refer to documents from Petitioner's § 2255 petition (Case No. C05-1629-JCC).

ORDER – 1

## I. BACKGROUND

Petitioner is currently incarcerated at the United States Penitentiary in Bryan, Texas. On October 31, 2002, a grand jury issued an indictment charging Petitioner with eight counts of wire fraud in violation of 18 U.S.C. § 1343. (Cr. Dkt. No. 1.) On July 17, 2003, a jury in this Court found Petitioner guilty on all counts for an embezzlement scheme in which she stole $1,981,000 from her former employer, Vulcan, Inc. (Cr. Dkt. No. 73.) Following the verdict, Petitioner was sentenced to sixty-three months in prison, followed by five years of supervised release. (Cr. Dkt. No. 79.) Petitioner brought an appeal to the Ninth Circuit, which affirmed the District Court's judgment. *United States v. Hicks*, 103 Fed. Appx. 208 (9th Cir. 2004).

After the disposition of her appeal, Petitioner filed this motion pursuant to 28 U.S.C. § 2255 challenging her sentence on four grounds: (1) Sixth Amendment Confrontation Clause violations; (2) improper sentence length; (3) ineffective assistance of counsel; and (4) cumulative error. (Cv. Dkt. No. 1.) The Government filed a Response, and Petitioner filed a Reply. (Cv. Dkt. Nos. 7, 14.) On August 3, 2006, Magistrate Judge Monica J. Benton issued her R&R, to which Petitioner has filed Objections. (Cv. Dkt. Nos. 16, 17.)

## II. STANDARD OF REVIEW

This Court reviews the record *de novo* when considering objections to a magistrate judge's R&R. *See* 28 U.S.C. § 636(b)(1). When a federal prisoner files a petition for post-conviction relief, the district court must hold an evidentiary hearing on the prisoner's claims "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A court may deny an evidentiary hearing only where "the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Schaflander,* 743 F.2d 714, 717 (9th Cir. 1984).

ORDER – 2

## III. ANALYSIS

### A. *Confrontation Clause Claims*

Petitioner first claims that her Confrontation Clause rights were violated at trial. (Cv. Dkt. No. 1, 8–13.) Petitioner alleges that she was either prevented or limited in her cross-examination of six individuals at trial. The Court considers each of these allegations, the conclusions of the R&R and Petitioner's Objections in turn.

The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that "in all criminal prosecutions, the accused shall enjoy the right to . . . be confronted with the witnesses against him." U.S. CONST. AMEND. VI. In *Crawford v. Washington*, the Supreme Court held that "[t]estimonial statements of witnesses absent from trial [should be] admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Crawford v. Washington*, 541 U.S. 36, 59 (2004).

To determine whether evidence was admitted at trial in violation of the Confrontation Clause, a court must examine whether the evidence was testimonial in nature. *Crawford,* 541 U.S. at 60. While the *Crawford* court did not provide a concise or detailed definition of "testimonial," it did, however, supply three formulations that would comprise the core class of testimonial statements. *Id*. at 52–53. Evidence is testimonial in nature when it is formulated as statements that are: (1) *ex parte* in-court testimony or its functional equivalent; (2) made extrajudicially and contained in formalized testimonial materials; or (3) made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial. *Id*. Thus, Petitioner has a legitimate claim for relief if the Court admitted evidence conforming to one of the three *Crawford* formulations that Petitioner did not have an opportunity to confront.[2]

---

[2]While *Crawford* was decided after Petitioner's trial, in the Ninth Circuit, *Crawford* is applied retroactively in the collateral review of convictions. *Bockting v. Bayer*, 399 F.3d 1010 (9th Cir. 2005) (citing *Teague v. Lane*, 489 U.S. 288, 307 (1989)). *Bockting* characterized the rule announced in

ORDER – 3

1. *Nathanial T. Brown*

Petitioner argues that her Confrontation Clause rights were violated because she was not able to cross-examine Nathaniel T. Brown, the Chief Financial Officer of Vulcan. (Cv. Dkt. No. 1 at 8–9.) Mr. Brown made an Affidavit of Forgery which was turned over to police by Bank of America, Vulcan's bank. Police used the affidavit to establish probable cause for the purpose of obtaining a warrant to search Petitioner's house and computers and to seize personal property. This affidavit was not admitted into evidence, and Mr. Brown did not testify at trial. Notwithstanding, Petitioner alleges that "Brown's statements were the foundation of the Government's prosecution and were testified to by several prosecution witnesses during Hicks' trial." (Cv. Dkt. No. 1 at 9.)

A defendant has the right to confront statements admitted into evidence that were made extrajudicially and are contained in formalized testimonial materials such as affidavits, depositions, prior testimony, or confessions. *Crawford*, 541 U.S. at 52–53 (citing *White v. Illinois*, 502 U.S. 346, 365 (1992)). A defendant does not have a right to confront a witness upon whom police rely in obtaining probable cause, especially when that witness does not testify at trial. *See Pavlik v. United States*, 951 F.2d 220, 224 (9th Cir. 1991); *United States v. Brown*, 322 F. Supp. 2d 101, 105 n.4 (D. Mass. 2004). Likewise, the Government is not required to call all of the witnesses to a crime to testify at trial because confrontation rights are satisfied by a [petitioner's] opportunity to subpoena and call witnesses in her own case in chief. *Pavlik,* 322 F. Supp. 2d at 224.

At trial, the prosecution did not introduce the affidavit of Mr. Brown into evidence. Accordingly, there was no evidentiary ruling made by the Court. While the affidavit would have fallen into the second category of extrajudicial formalized testimonial evidence under *Crawford* if it had been admitted, a

---

*Crawford* as a "new rule," the application of which, according to the *Teague* doctrine, was "implicit in the concept of ordered liberty." *Bockting*, 399 F.3d. at 1012 (citing *Teague,* 489 U.S. at 311). Thus, Petitioner's Confrontation Clause claims are not procedurally barred, as the Government has argued, and will be reviewed under the *Crawford* standard. (Cv. Dkt. No. 7, n. 4.)

ORDER – 4

defendant only has the right to confront such evidence that is used against her at trial. Thus, Petitioner's confrontation rights were not violated.

### 2. *Colleen Dunbar Romero*

Petitioner argues that her Confrontation Clause rights were violated because the Court allegedly prevented her from appropriately cross-examining Colleen Dunbar Romero, her former attorney. (Cv. Dkt. No. 1 at 9.) During the cross-examination of Ms. Romero, Petitioner's counsel was called to a sidebar and alerted that his questions might open the door for the prosecution to inquire into privileged attorney-client communication on redirect. (Cr. Dkt. No. 101-1 at I-6–I-7.)

In such a situation, the Court will not find a violation of the Confrontation Clause unless a trial judge limits relevant testimony in a way that prejudices the defendant or denies the jury sufficient information to appraise the biases and motivations of witnesses. *United States v. Bensimon*, 172 F.3d 1121, 1128 (9th Cir. 1999). Contrary to Petitioner's assertion, this Court did not limit counsel's cross-examination. As noted in the R&R, "Petitioner's decision not to ask further questions both after the sidebar and on re-cross was based not on a lack of opportunity, but a strategic choice to protect privileged information." (Cv. Dkt. No. 16 at 5.) Thus, Petitioner's confrontation rights were not violated.

### 3. Terry Rooney

Petitioner's next claim asserts that her Confrontation Clause rights were violated because Terry Rooney, an employee of Bank of America, testified about an interstate phone call made in the course of a Bank of America wire transfer to Petitioner's bank account. Petitioner contends that because Ms. Rooney was not a party to this telephone call her testimony was not sufficient to establish the purpose of the telephone call (i.e. whether the call was made to effectuate the wire transfer of $50,000 from Bank of America to Petitioner's account).

Ms. Rooney testified that, according to Bank of America's business records, a telephone conversation took place between two of her coworkers to approve the $50,000 transfer. Business

ORDER – 5

records are not testimonial statements within the context of the Confrontation Clause. *Crawford,* 541 U.S. at 55. Ms. Rooney's testimony was used simply to explain and verify the information contained in the business records. This Court did not admit any testimonial evidence about the telephone call, and accordingly, Petitioner's confrontation rights were not violated.

### 4. *Vivian Van Deusen*

Petitioner claims that her Confrontation Clause rights were violated because the Court allegedly permitted testimonial statements from six non-testifying Vulcan employees to be made through the testimony of Vivian Van Deusen, Vulcan's Director of Finance. Ms. Van Deusen testified for the Government about Vulcan's wire transfer and record keeping practices. When asked by Petitioner's counsel on cross-examination to clarify who the "executive management" staff were at Vulcan, Ms. Van Deusen mentioned the names of three of the six non-testifying employees. (Cr. Dkt. No. 102-2 at I-77–I-159.) Here, neither the Government nor Ms. Van Dusen offered statements from the Vulcan employees mentioned in the petition that could be considered "testimonial" under the *Crawford* standard. Thus, her confrontation rights were not violated.

### 5. *William Rupp's Computer*

Petitioner claims that her confrontation rights were violated because she was not able to cross-examine the computer that William Rupp, a Vulcan employee, used to demonstrate the process of email alteration using Vulcan's email software program. (Cv. Dkt. No. 1 at 12–13.) The Confrontation Clause secures for a defendant an adequate opportunity to cross-examine adverse witnesses. *See United States v. Owens*, 484 U.S. 554, 557 (1988). A computer is a machine and, as such, cannot be considered an "adverse witness" that may provide testimony or be the subject of cross-examination. Petitioner was afforded the opportunity to cross-examine Mr. Rupp to inquire about his knowledge of the functioning of the machine while in court.

Petitioner argues that Mr. Rupp was a biased witness and as such, she should have been allowed to cross-examine a representative of the company who manufactured the computer to identify whether

ORDER – 6

Mr. Rupp had modified the computer prior to his in-court demonstration. (Cv. Dkt. No. 1 at 12–13.) "[The Government] need not call a witness, equally available to both sides, merely because cross-examination of such a witness might prove helpful to the defense['s] case." *United States v. Snow*, 521 F.2d 730, 736 (9th Cir. 1975). After cross-examination, Petitioner was able to call additional witnesses to testify about either Mr. Rupp's character or about the ease of modifying computers for demonstrations. She did neither. Because Petitioner was not prevented from confronting testimonial evidence by Mr. Rupp or from calling witnesses to impeach his testimony, her Confrontation Clause rights were not violated.

6.  *Theodore Miller*

Petitioner's last Confrontation Clause claim asserts that her rights were violated because she was unable to cross-examine the federal agent who found two bank statements in her house during the search. (Cv. Dkt. No. 1 at 13.) FBI Agent Theodore Miller testified that two bank statements were found at Petitioner's residence that showed two wire transfers into the Bank of America account of Pacific NWT. Agent Miller testified that another agent, Stuart Filmore, was the actual agent who located the records.

The Government never offered statements from Special Agent Filmore at trial that would fit into one of the three formulations of testimonial statements announced in *Crawford*. Agent Miller served as the evidence custodian for the search of Petitioner's residence. The Court properly admitted the bank statements based on the testimony of Agent Miller. As noted in the R&R, "because Petitioner was able to cross-examine Mr. Miller as to where the bank receipts were found, Petitioner's confrontation rights were not violated under *Snow*. Fillmore did not have to be called to testify." (Cv. Dkt. No. 16 at 8.) The Court, likewise, agrees that Petitioner's confrontation rights were not violated.

**B.    *Petitioner's Sentence Length***

1.    *Ex Post Facto Clause Claim*

Petitioner claims that her sentence of sixty-three months is excessive under the version of 18 U.S.C. § 1343 that was in effect at the time she committed her crimes. The Government asserts that

ORDER – 7

Petitioner is procedurally barred from bringing this claim in her motion to vacate her sentence because she never raised the claim at trial or on direct appeal, and that even if she had raised the argument below, the sentence was proper.

Claims not raised on direct appeal cannot be raised on collateral review unless the Petitioner can show cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003). It is well-settled that any new statute which makes the punishment for a crime more burdensome after its commission is prohibited as ex post facto. *Beazell v. Ohio*, 269 U.S. 167, 169–170. In July 2002, 18 U.S.C. § 1343 was amended, increasing the maximum sentence for a single count of wire fraud from five to twenty years.

Petitioner asserts that because her total sentence is longer than the five-year maximum for one count of wire fraud, that the Court applied the new version of § 1343 in violation of the Ex Post Facto Clause. Petitioner misconstrues the application of the statute to her case. She contends that no matter how many counts of wire fraud she was charged with, her sentence cannot exceed the maximum term for one single count. The maximum sentence detailed in either version of the statute pertains to sentencing for a single count of wire fraud. Petitioner was convicted of eight counts. Thus, the maximum sentence for Petitioner under the operative statute at the time of her sentencing could have been 40 years. Accordingly, Petitioner cannot establish that she was prejudiced by the sentence of sixty-three months, and her claim is procedurally barred.

    2.    *Erroneous Judgment Form*

As noted in the Government's Answer and the R&R, this Court failed to indicate on the judgment form, which was prepared and presented by the Government, that the sentence on one or more of the eight counts was to run consecutive to the other counts. (Cv. Dkt. No. 7 at 14–15; Cv. Dkt. No. 16 at 9–10.) When a defendant is convicted on multiple counts of a crime, it is permissible for a total sentence to exceed the statutory maximum for a single count. However, if the court wishes to so sentence, it must provide a specific and express order to that effect. *See United States v. Joetski*, 952 F.2d 1090, 1098

ORDER – 8

(9th Cir. 1991). Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. 18 U.S.C. § 3584(a).

Here, the Court intended for the multiple terms of imprisonment to run consecutively and for the total time served to equal sixty-three months. The Government is ORDERED to provide a corrected judgment form reflecting the sixty-three month sentence by November 30, 2006.

### C.     *Ineffective Assistance of Counsel Claim*

Petitioner argues that there were fifteen separate instances where her counsel was ineffective. (Cv. Dkt. No. 1 at 19–32.) A petitioner cannot prevail on an ineffective assistance claim unless she satisfies both prongs of the inquiry announced in *Strickland v. Washington*, 466 U.S. 668, 687–90 (1984). First, a petitioner must establish that counsel's performance was so deficient that it fell below an "objective standard of reasonableness" under "prevailing professional norms." *Strickland*, 466 U.S. at 687. In addition, she must demonstrate that such performance so prejudiced the trial that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*.

As the R&R points out, none of Petitioner's fifteen bases for her ineffective assistance claim satisfactorily meets both the deficient performance and prejudice requirements of *Strickland*. Petitioner's Objections to the R&R do not address Judge Benton's in-depth analysis of each basis. Rather than scrutinizing each instance of alleged ineffective assistance of counsel, the Court ADOPTS the analysis contained in the R&R and DENIES this claim.

### D.     *Cumulative Error Claim*

Petitioner's final claim alleges that the multiple instances of error and deficient performance of counsel throughout her trial and appeal, when taken cumulatively, amount to prejudicial error. (Cv. Dkt. No. 1 at 32.) Courts have previously recognized that prejudice may result from the cumulative impact of multiple deficiencies in counsel's performance. *See Harris by & Through Ramseyer v. Wood*, 64 F.3d 1432, 1439 (9th Cir. 1995); *Mak v. Blodgett*, 970 F.2d 614, 622 (9th Cir. 1992).

Consistent with the preceding discussion, this Court determines that Petitioner has established no

ORDER – 9

1  error or deficient performance that could be considered cumulatively as a basis for setting aside her
2  sentence. Consequently, this claim is DENIED.

### E. *Evidentiary Hearing*

As detailed above, the record in this case conclusively shows that Petitioner is not entitled to relief. To the extent that Petitioner alleges a sentencing error that has merit, *see supra* Part B.2, this can be easily cured through submission of a corrected judgment form and does not require further evidentiary development. Thus Petitioner's request for an evidentiary hearing is DENIED.

### IV. CONCLUSION

The Court, having reviewed petitioner's § 2255 motion, the Report and Recommendation of Judge Monica J. Benton, United States Magistrate Judge, and the remaining record, does hereby find and Order:

(1) The Court ADOPTS the Report and Recommendation;

(2) Petitioner's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (Cv. Dkt. No. 1) is GRANTED in part and her sentence is 0VACATED for resentencing pursuant to 18 U.S.C. § 3584;

(4) The Court ORDERS Respondent to provide the Court a corrected judgment form by November 30, 2006;

(3) The Clerk is directed to send copies of this Order to Petitioner, to counsel for Respondent and to the Hon. Monica J. Benton.

SO ORDERED this 17th day of November, 2006.

John C. Coughenour
United States District Judge

ORDER – 10