UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTONIA DENISE HICKS,

    Petitioner,

  v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C05-1629-JCC

ORDER

This matter comes before the Court on Petitioner's application for a Certificate of Appealability ("COA") pursuant to 28 U.S.C. § 2253 to permit Petitioner to appeal this Court's prior order granting in part and denying in part Petitioner's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255, and vacating her sentence for resentencing. (Cv. Dkt. No. 19.) Having carefully considered the briefs in support and in opposition to the COA application, the Court hereby rules as follows.

I.     BACKGROUND

Petitioner is currently incarcerated at the United States Penitentiary in Bryan, Texas. On July 17, 2003, a jury found Petitioner guilty of eight counts of wire fraud in violation of 18 U.S.C. § 1343 for an embezzlement scheme in which she stole $1,981,000 from her former employer, Vulcan, Inc. (Cr. Dkt.

ORDER – 1

(CR 02-375JCC) No. 73.)  Petitioner was sentenced to sixty-three months in prison, followed by five years of supervised release.  (Cr. Dkt. No. 79.)  Petitioner brought an appeal to the Ninth Circuit which affirmed the district court's judgment.  *United States v. Hicks*, 103 Fed. Appx. 208 (9th Cir. 2004).

Petitioner then filed a habeas petition pursuant to 28 U.S.C. § 2255.  (Cv. Dkt. (CV 05-1629JCC) No. 1.)  On August 3, 2006, Magistrate Judge Monica J. Benton issued a report and recommendation ("R&R"), recommending that the Court deny Petitioner's claims on the merits but vacate for resentencing due to error in judgment form.  (Cv. Dkt. No. 16.)  Petitioner filed objections to the R&R.  (Cv. Dkt. No. 17.)  On November 17, 2006, this Court adopted Judge Benton's recommendations.  (Cv. Dkt. No. 19.)  On November 20, 2006, this Court vacated Petitioner's sentence for resentencing.  (Cv. Dkt. No. 20.)

Petitioner now brings this motion for certificate of appealability pursuant to 28 U.S.C. § 2253.

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), an unsuccessful habeas petitioner must be granted a certificate of appealability ("COA") before appealing the denial of the habeas petition.  28 U.S.C. § 2253(c)(1).  To obtain a COA, the petitioner must make "substantial showing of the denial of a constitutional right."  *Id*. § 2253(c)(2).  To make a substantial showing, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## III. ANALYSIS

*A.   Confrontation Clause Claims*

Petitioner claims that her confrontation rights were violated in six instances at trial.

The Confrontation Clause of the Sixth Amendment to the United States Constitution provides a criminal defendant the right to confront testimonial statements admitted at trial.  U.S. CONST. AMEND. VI; *Crawford v. Washington*, 541 U.S. 36, 68 (2004).  To determine whether evidence was admitted at trial in violation of the Confrontation Clause, a court must examine whether the evidence was testimonial in nature.  *Crawford*, 541 U.S. at 61.  Testimonial statements can be: (1) ex parte in-court testimony; (2)

ORDER – 2

extrajudicial statements contained in formalized testimonial materials; (3) statements made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial. *Id*. at 51–52. Testimonial statements may be admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine the declarant. *Id*. at 68.

As explained in detail in Judge Benton's R&R and this Court's November 17, 2006 Order, none of the six instances violated Petitioner's confrontation rights because either no testimonial statements were made, statements were not admitted at trial, or Petitioner received ample opportunity to confront the witnesses. None of the court records indicate otherwise. Therefore, reasonable jurists would agree with this Court's previous assessment that Petitioner's Confrontation Clause rights were not violated.

    B.    *Petitioner's Sentence Length*

        1.    *Ex Post Facto Clause Claim*

Petitioner asserts her sentence is excessive under the 2001 version of 18 U.S.C. § 1343, which was in effect when she committed the crimes. The Government argued that the Petitioner is procedurally barred from raising this new claim because she failed to do so at trial or on direct appeal. Further, the Government argues that even if Petitioner raised the claim, the sentence was proper. Judge Benton's R&R and this Court's November 17, 2006 Order found that Petitioner's claim was procedurally barred and that she was unable to show prejudice.

Reasonable jurists cannot differ with the previous results. First, Petitioner is procedurally barred from challenging her sentence because the § 2255 motion is the first time she challenged the legality of her sentence. Claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows both cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003). To show cause, a petitioner must produce some reason why she did not appeal at the appropriate opportunity. *See Bousley v. United States*, 523 U.S. 614, 622–624 (1998). To show prejudice, a

ORDER – 3

petitioner cannot merely show that errors during trial created a possibility of prejudice, "but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Petitioner cannot show cause and prejudice here. Petitioner fails to offer any reason for not challenging the legality of her sentence until the § 2255 motion. In addition, Petitioner cannot show prejudice in the sentencing error she alleges. Because Petitioner was convicted of eight counts of wire fraud, the maximum penalty for which would have been forty years, a sixty-three month sentence did not prejudice her.

Second, even if Petitioner could show cause and prejudice, her ex post facto argument fails on the merits. It is well-settled that a statute that makes the punishment for a crime more burdensome after its commission is prohibited as ex post facto. *Beazell v. Ohio*, 269 U.S. 167, 169–170 (1925). The version of 18 U.S.C. § 1343 that was in effect at the time Petitioner committed her crimes provided a maximum sentence of sixty months for a conviction on one count of wire fraud. The statute was amended in 2002 to increase the maximum sentence for a count of wire fraud to twenty years. Petitioner argues that her sentence of sixty-three months for eight counts of wire fraud exceeded the maximum term provided in the statute. However, the maximum sentence detailed in either version of the statute pertains to a single count of wire fraud. Thus, Petitioner's maximum sentence under the 2001 version of 18 U.S.C. § 1343 for eight counts is forty years. Because sixty-three months is well within the statutory maximum in 2001 for eight counts of wire fraud, reasonable jurists would agree that Petitioner's ex post facto argument fails on the merits.

    2.  *Erroneous Judgment Form*

Reasonable jurists will agree that Judge Benton's R&R and this Court's November 17, 2006 Order are correct in requiring resentencing because the Court did not explicitly state that the sentence should run consecutively. When a defendant is convicted on multiple counts of a crime, it is permissible for the total sentence to exceed the statutory maximum for a single count. *See United States v. Joetzki*, 952 F.2d 1090, 1098 (9th Cir. 1991). Here, since Petitioner was convicted of eight counts, it is

ORDER – 4

permissible for the total sentence to exceed the sixty month statutory maximum for a single count. However, unless the statute mandates consecutive sentences, the court must explicitly order the terms to run consecutively. *Id.*; 18 U.S.C. § 3584(a). Reasonable jurists cannot debate that vacating the sentence to correct the judgment form was proper.

### C. Ineffective Assistance of Counsel

Petitioner claims fifteen instances of ineffective assistance of counsel during trial. In order for a petitioner to prevail on claims of ineffective assistance, she must satisfy both *Strickland* prongs: (1) defendant must show that counsel's performance was deficient; (2) defendant must show that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show that the counsel's performance was deficient, the defendant must show that counsel's representation fell below an objective standard of reasonableness guaranteed in the Sixth Amendment. *Id.* To show prejudice, defendant must show with reasonable probability that result would have been different but for counsel's errors. *Id.* at 694.

The fifteen instances described in detail in Judge Benton's R&R do not meet the *Strickland* requirements. Due to the overwhelming evidence of guilt against her, Petitioner cannot show that she was prejudiced by her counsel's performance. Therefore, reasonable jurists cannot debate that Petitioner's ineffective assistance of counsel claim lacks merit.

### D. Cumulative Evidence

Having found no error in Petitioner's individual claims, her cumulative error claim must fail as well.

### E. Evidentiary Hearing

Petitioner contends that she should have been granted an evidentiary hearing on her habeas corpus claims. An evidentiary hearing shall be granted "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. "A hearing must be ordered unless, viewing the petition against the record, its allegations do not state a claim for relief or are

ORDER – 5

so palpably incredible or so patently frivolous or false as to warrant summary dismissal." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).

Reasonable jurists cannot debate that an evidentiary hearing was unnecessary. The records of this case conclusively show that the Petitioner is not entitled to relief. Further, Petitioner claims that an evidentiary hearing is warranted without stating a reason for the hearing. In light of the overwhelming evidence of guilt against her, an evidentiary hearing was not required.

**IV.   CONCLUSION**

For the foregoing reasons, the Court DENIES Petitioner's application for a COA.

SO ORDERED this 9th day of March, 2007.

John C. Coughenour
United States District Judge

ORDER – 6